UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LILLIAN LEWIS, :
:
    Plaintiff, :
: NO. 1:08-CV-0055
  v. :
:
COMMISSIONER OF : **OPINION AND ORDER**
SOCIAL SECURITY, :
:
    Defendant. :

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 8), to which no objections were filed. For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety and REMANDS this matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**I. Background**

On October 19, 2001 Plaintiff filed an application for Supplemental Security Income ("SSI") benefits based on disability with the Social Security Administration (doc. 1). Both the Administrative Law Judge ("ALJ") and the Social Security Appeals Council denied Plaintiff's application (doc. 5). Plaintiff then filed a civil action in this Court, resulting in a remand to the Defendant, Commissioner of Social Security, under sentence four of 42 U.S.C. 405(g) (doc. 1).

1

After a second hearing in December 2006, the ALJ again issued a denial of benefits (doc. 8).  The ALJ determined that Plaintiff suffers from borderline intellectual functioning and a speech articulation disorder and that these two impairments are severe (Id.).  The ALJ further found that Plaintiff has no exertional limitations, but accepted the ten non-exertional limitations described by Plaintiff's physician, Dr. Rogers (Id.). These limitations are as follows:

1. An inability to understand, remember and carry out complex instructions;

2. The ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerance is impaired, but not precluded;

3. The ability to sustain an ordinary routine without special supervision is impaired, but not precluded;

4. She has difficulty making work-related decisions, setting realistic goals, making independent plans and using judgment on the job as distinct from a job which is routine and repetitive, so do not give her a job that requires such independent judgment;

5. Due to difficulties responding appropriately to changes in the work setting, give her a job which does not change frequently;

6. The job itself be inherently not highly stressful;

7. She has an IQ of 78 and less than average memory. For this reason, do not give her complex or abstract work;

8. She has a 3.5 grade reading level, a 4.6 grade arithmetic (level), so avoid jobs needing higher levels of these skills;

9. Her speech is hard to understand; and

> 10. She cannot work at a fast-paced job.
> (Doc. 8).

Additionally, the ALJ accepted the recommendation of a Vocational Expert ("VE") that, in consideration of the above list of impairments, Plaintiff could perform the job of "cleaner" at the light and unskilled level (Id.).

On January 4, 2008, the Appeals Council of the Social Security Administration upheld the ALJ's denial of benefits without a hearing (Id.). Plaintiff then filed the present suit in this Court asserting that the ALJ made three errors prejudicial to her case (doc. 5). Plaintiff alleges 1) the ALJ failed to consider Plaintiff's past attendance problems and slow pace of work in his residual functional capacity assessment, 2) the ALJ did not consider that Plaintiff lacked the capacity to read at a level consistent with the Dictionary of Occupational Titles and its requirements for a "cleaner" job, and 3) the ALJ's restriction to "preclude fast-paced work" does not describe the Plaintiff, whose work speed is slow (Id.).

**II. The Magistrate Judge's Report and Recommendation (doc. 8)**

The Magistrate Judge began with a careful review of the statutes and regulations governing this case (Id.). First, the Magistrate Judge noted that judicial review of the Commissioner's determination is limited in scope by 42 U.S.C § 405(g) and that the Court's sole function is to determine whether the record as a whole

3

contains substantial evidence to support the Commissioner's decision (Id.). Next, the Magistrate Judge thoroughly reviewed the SSI benefit application process, including the role of the medical-vocational guidelines ("the grid") in the Commissioner's determination (Id.).

The Magistrate Judge concluded his review of the statutes by acknowledging that the Commissioner's determination must stand if it is supported by substantial evidence, regardless of whether the reviewing court would resolve conflicts in evidence differently (doc. 8, citing Bogle v. Sullivan, 998 F.2d 342 (6th Cir. 1993)). The Magistrate Judge further concluded that the Court may affirm, modify, or reverse the Commissioner's decision (doc. 8, citing 42 U.S.C. § 405(g)). As the Magistrate Judge noted, the Court may reverse the Commissioner's decision and award benefits without remand only when essential factual issues have been resolved (doc. 8, citing Faucher v. Secretary of Health and Human Servs., 17 F.3d 171, 176 (6th Cir. 1994)).

The Magistrate Judge then analyzed each of the three assignments of error asserted by Plaintiff. The Magistrate Judge rejected Plaintiff's first assignment of error as to the ALJ's description of her restricted ability to perform complex functions (doc. 8). The Magistrate Judge found that substantial evidence in the record supported the ALJ's description (Id.).

However, the Magistrate Judge found Plaintiff's first

4

assignment of error well-taken as to the ALJ's description of her restricted ability to perform average-paced jobs (Id.). The Magistrate Judge found misleading the ALJ's description of Plaintiff's capabilities (Id.). The Magistrate Judge held that describing Plaintiff as being unable to work fast-paced jobs implied that she was able to work moderately-paced jobs (Id.). The ALJ's description, the Magistrate Judge concluded, was therefore erroneous because the substantial weight of the record indicated that Plaintiff could work only at slower-than-average speed (Id.).

The Magistrate Judge based his conclusion on the VE's recommendation of Plaintiff for the job of "cleaner." The Magistrate Judge referred to the definition of "cleaner" in the Dictionary of Occupational Titles, which states that a worker must be able read at a rate of 95-120 words per minute and write simple sentences (Id.). Although the definition of "cleaner" did not mention pace of work, the Magistrate Judge held that the Commissioner failed to establish by substantial evidence that Plaintiff could perform this job (Id.). The Magistrate Judge therefore recommended reversal of the Commissioner's determination, a remand to the Commissioner for modification of the ALJ's hypothetical to describe Plaintiff's slower-than-average work pace, and a redetermination of which, if any, jobs Plaintiff could perform (Id.).

The Magistrate Judge next found no error in the ALJ's

conclusions with regard to two other issues raised in Plaintiff's first statement of error.  First, the Magistrate Judge agreed that Plaintiff's attendance problems were not the result of a physical or mental impairment; and, second, he agreed that although the job of cleaner might require multiple tasks, it does not require sequential tasks (Id.).

The Magistrate Judge addressed Plaintiff's second statement of error by recommending remand for determination of Plaintiff's reading rate (Id.).  The Magistrate Judge also noted that his recommendation regarding Plaintiff's first statement of error resolved her third statement of error, regarding pace of work (Id.).

The Magistrate Judge therefore recommended that the Court reverse the Commissioner's determination, remand this matter to the Commissioner for (1) determination of Plaintiff's reading rate and her ability to construct simple sentences, (2) modification of the ALJ's hypothetical question to accurately reflect Plaintiff's slow work pace, and (3) submission of the ALJ's modified hypothetical to a VE for reconsideration.

**III. Discussion**

Judicial review of the Commissioner's decision, as reflected in the ALJ's decision, is limited to whether the ALJ applied the correct legal standards in reaching her determination and whether there is substantial evidence in the record to support

6

the Commissioner's factual findings. See 42 U.S.C. § 405(g); Smith v. Secretary of Health and Human Servs., 893 F.2d 106, 108 (6th Cir. 1989). In this case, the Magistrate Judge correctly concluded the ALJ erred in describing Plaintiff's slower-than-average work speed. The ALJ's hypothetical to the VE stated that Plaintiff could not work at a "fast-paced job." This statement led to the inference that Plaintiff could work at a normal-paced job, an inference unsupported by substantial evidence in the record. Furthermore, the VE determined that Plaintiff could work as a "cleaner," a job that requires the abilities to read at a rate 95-120 words per minute and to print simple sentences. While the record does not directly answer these questions, substantial evidence indicates that Plaintiff is unable to meet these requirements. The Court therefore finds well-taken the Magistrate Judge's recommendation to reverse the ALJ's non-disability finding and remand this matter to the Commissioner for determination of Plaintiff's reading rate and ability to construct simple sentences, modification of the ALJ's hypothetical question to accurately reflect Plaintiff's slow work pace, and submission of Plaintiff's reading rate along with the ALJ's modified hypothetical to a VE for reconsideration.

The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C.

§ 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in waiver of further appeal. See <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981). Neither Party filed any objections thereto within the ten days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C).

**IV. Conclusion**

The Court has reviewed this matter <u>de novo</u> pursuant to 28 U.S.C. § 636(b), and finds the Magistrate Judge's Report and Recommendation (doc. 8) thorough, well-reasoned, and correct. Accordingly, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (<u>Id</u>.), REVERSES the Commissioner of Social Security's non-disability finding, REMANDS this matter to Defendant Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this decision.

SO ORDERED.

Dated: February 26, 2009   /s/ S. Arthur Spiegel  
                                      S. Arthur Spiegel  
                                      United States Senior District Judge