```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| LILLIAN LEWIS, | : | NO. 1:08-CV-00055 |
| Plaintiff, | : |  |
| vs. | : |  |
|  | : | **OPINION AND ORDER** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | : |  |
| Defendant. | : |  |

This matter is before the Court on Counsel for Plaintiff's Motion for Attorney's Fees Under Social Security Act, 42 U.S.C. § 406(b) (doc. 13). Defendant expressed no objection (doc. 14).

Plaintiff's Counsel seeks $8,200.00, or twenty-five percent of the past-due benefits awarded (doc. 13). In support of this motion, Counsel has submitted an itemized fee statement of hours spent on this case, along with a Notice of Award from the Social Security Administration documenting the amount of past due benefits awarded and a copy of the contingent fee agreement between Plaintiff and counsel (Id.).

Fee awards in actions for past due Social Security benefits are governed by 42 U.S.C. 406(b), which limits fee awards to a reasonable amount not in excess of twenty-five percent of the past due award. Contingent fee arrangements under this section must be reviewed by courts to ensure that they are reasonable under

the circumstances of the case.  Gisbrecht v. Barnhart, 535 U.S. 789 (2002).  The court may, for example, look to the character of the representation, the results achieved, and whether the fee would represent a "windfall" for the attorney. Id.

In the Memorandum, Counsel has detailed the course of this litigation and his efforts in securing its outcome (doc. 13). Counsel's requested fee is just less than twenty-five percent of past due benefits (Id.).  Counsel avers that his hourly rate for work done on Social Security/SSI cases is $350.00 per hour based on his background and experience, and his office location in downtown Cincinnati (Id.).  As such, he indicates the requested fee, of approximately $620.00 per hour, comes within his hourly rate doubled under the formula which the Sixth Circuit set out in Hayes v. Secretary, 923 F.2d 418 (6th Cir. 1990) (Id.). The Court finds the requested fee reasonable in the light of the results Counsel achieved for his client. Such fee does not represent a windfall.

The Court has already awarded Plaintiff EAJA fees and costs of $2758.50. This award is a credit to the fee which Plaintiff must pay her attorney under 42 U.S.C. § 406(b). As such, Plaintiff's attorney must refund this money to Plaintiff as required by the EAJA. 28 U.S.C. §2412(d); Jankovich v. Bowen, 868 F.2d 867, 871, fn.1 (6th Cir. 1989).

Having reviewed Counsel for Plaintiff's motion and attached memorandum (doc. 13), the Court is persuaded the requested

-2-

award is reasonable and satisfies the  requirements of 42 U.S.C. 406(b).  Accordingly the Court GRANTS Counsel for Plaintiff's Motion for Attorney Fees (doc. 13), and AWARDS $8,200.00 attorney's fees.

SO ORDERED.

Dated: July 13, 2010          /s/ S. Arthur Spiegel

                                            S. Arthur Spiegel
                                            United States Senior District Judge